UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DONALD J. SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-377-TS |
| | ) | |
| DALE CAMPBELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Donald J. Smith, Jr., a prisoner confined at the Cass County Jail, filed a complaint pursuant to 42 U.S.C. § 1983 against Sheriff Gene Issacs, Jail Commander Dale Campbell, and the Cass County Commissioners. Pursuant to 28 U.S.C. § 1915A(a), the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 165 n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

According to the complaint, jail officials discovered that one of the inmates was making "hooch," but they were apparently unable to identify the inmate. On May 29, 2007, after the prisoners passed a Breathalyzer test, the Plaintiff alleges that Defendant Campbell locked all the inmates down and told them that if they "were real men the person would step up or some one should narc." (Compl. 4, DE 1.) When no one took him up on his offer, the Plaintiff states that Defendant Campbell punished all of the inmates by locking them down and denying them privileges for several days. According to the complaint, these conditions were supposed to end on June 4,

2

2007, but because of Defendant "Campbell's inability to communicate with those who work under him, we were punished two more days." (Compl. 5, DE 1.)

The Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege the violation of rights secured by the Constitution and laws of the United States and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The Plaintiff asserts that he was a pre-trial detainee when this incident occurred. He alleges that the Defendants punished him without due process for something he did not do. As a pre-trial detainee, the Fourteenth Amendment's due process clause entitled the Plaintiff to due process before being punished. *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995). Not every restriction imposed on a pre-trial detainee, however, constitutes punishment. For example, the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate the due process clause. *Zarnes v. Rhodes*, 64 F.3d 285, 291 (7th Cir. 1995); *Zimmerman v. Tippecanoe Sheriff's Dep't*, 25 F. Supp 2d 915, 921 (N.D. Ind. 1998) (holding a pre-trial detainee in administrative segregation where the segregation unit was more secure and the sheriff believed that the inmate constituted a security risk did not violate the due process clause).

Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that his complaint regarding pre-trial punishment without due process fails to

3

allege "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. The Plaintiff also alleges that the Defendants denied religious materials and personal property to prisoners while they were subject to group punishment.  There is, however, "a *de minimis* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and conditions that might be a problem over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See Jones-Bey v. Wright*, 944 F. Supp. 723, 732 (N.D. Ind. 1996). That the Defendants may have deprived the Plaintiff of religious materials and some of his personal property for seven days does not state a claim under § 1983.

In addition to Sheriff Issacs and Jail Commander Cambell, the Plaintiff also sues the Cass County Commissioners, who, the complaint alleges, "are to oversee what happens at the jail and make sure it is run correctly." (Compl. 5.) But under Indiana law, a county jail is under the supervision of the county sheriff, the responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there. Ind. Code § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356–57 (Ind. App. 1994). "It is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office." *Hupp v. Hill*, 576 N.E.2d 1320, 1326 (Ind. Ct. App. 1991).

> The county commissioners, and accordingly, the county does not have any control over the acts of the sheriff. The sheriff is an office created by Article 6, § 2 of the Indiana Constitution and the powers and duties of the office are established by the legislature. *See e.g.*, Ind. Code Ann. § 36-2-13-5 (Burns Supp. 1986). Although the county commissioners have limited emergency powers relating to the appointment of extra deputies, those powers do not relate to the ability to control the acts performed by any deputy or, indeed, by the sheriff. *See* Ind. Code Ann. § 36-8-10-

6(b) (Burns 1981). Hence, an agency relationship does not exist between the county and its commissioners and the sheriff.

*Delk v. Bd. of Comm'rs of Del. County*, 503 N.E.2d 436, 440 (Ind Ct. App. 1987).

For the foregoing reasons, the Court:

    (1) GRANTS the Plaintiff leave to proceed against Defendants Gene Issacs and Dale Campbell for damages on his Fourteenth Amendment claim that they punished him without due process.

    (2) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES the Cass County Commissioners and all other claims;

    (3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

    (4) DIRECTS the marshal's service to effect service of process on Defendants Issacs and Campbell on the Plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

    SO ORDERED on November 5, 2007.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT